

FILED
Oct 01, 2020
10:07 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| ANGEL SMITH, | ) | Docket No 2018-05-1098 |
| Employee, | ) | |
| v. | ) | |
| TRUSTPOINT HOSPITAL, LLC, | ) | State File No. 894-2018 |
| Employer, | ) | |
| And | ) | |
| ACE AMERICAN INS. CO., | ) | Judge Robert Durham |
| Carrier, | ) | |
| And | ) | |
| ABIGAIL HUDGENS, Administrator | ) | |
| of the Bureau of Workers' | ) | |
| Compensation, and the Subsequent | ) | |
| Injury Fund. | ) | |

---

## ORDER AMENDING EXPEDITED HEARING ORDER

---

This case came before the Court on September 25, 2020, on Trustpoint's Motion to Alter or Amend the August 28, 2020 Expedited Hearing Order (EHO). After considering the parties' positions, the Court grants the motion in part by allowing certain medical records into evidence and amending the award of temporary partial disability benefits.

### Procedural History

The Court previously issued an EHO granting medical and temporary disability benefits. Except to the extent that it is specifically revised through this Order, the findings and conclusions in the EHO remain unchanged and are incorporated by reference. The Court will address the requested amendments in turn.

### Admission of Pre-2012 Medical Records

In a conference call before the Expedited Hearing, the Court noted that the submitted medical records contained well over 1,000 pages. The Court requested the parties to submit

1

a joint compilation of records relevant to the proceeding. The parties did so and filed a Joint Submission of Evidence and Table of Contents. The Table of Contents listed relevant records including, and in addition, the previously filed depositions of Dr. Petty and Dr. Joyner and their attached exhibits. Copies of the depositions and exhibits were not included in the Joint Submission.

At the hearing, Trustpoint's counsel attempted to cross-examine Ms. Smith using records of her visits to various providers for left-shoulder pain before her 2012 shoulder surgery.[1] Ms. Smith's counsel objected on the grounds that they had not been previously filed as exhibits. Trustpoint's attorneys agreed that they were not included in the "Joint Submission" but stated they only wished to use them for impeachment purposes. With this caveat, the Court allowed counsel to cross-examine Ms. Smith about the documents but did not allow them into evidence. Additionally, the documents were unsigned and uncertified, and thus constituted inadmissible hearsay under the Rules of Evidence and the Court Rules.

With this motion, Trustpoint asserted that it mistakenly informed the Court at the hearing that the records in question were not admitted as exhibits. While they were not in the compilation, they were attached to the medical depositions that had been previously provided and which were identified as exhibits in the Joint Submission of Evidence. Therefore, Trustpoint argued that the records should be considered as evidence.

Given that the records in question, although not specifically identified, were part of the Joint Submission of Evidence, and due to the interlocutory nature of the Expedited Hearing Order, the Court amends it to include consideration of Exhibits 1-3 of Trustpoint's Motion as evidence.

Upon considering the records in question, they do not sway the Court's opinion that Ms. Smith is likely to prove she is entitled to additional surgery and temporary partial disability benefits. As stated in a footnote to the EHO, the treatment at issue occurred several years before her left-shoulder surgery in 2012. In addition, the records are of stand-alone events that, in at least two of the cases, involved significant complaints to other body parts as well. The Court finds that Ms. Smith's failure to mention these events after her December 2017 incident is of little consequence.

**2014 Left Shoulder Complaint**

In the EHO, the Court observed that no evidence showed that Ms. Smith suffered from left-shoulder complaints or limitations after recovery from her 2012 surgery until the December 2017 incident. This statement is in error. Ms. Smith testified that she did see a doctor in 2014 for left-shoulder pain while working as a CNA for the Veteran's Hospital.

---

[1] The records in question are attached as Exhibits One, Two and Three to Trustpoint's Rule 59 Motion.

Thus, the Court amends the EHO to reflect this testimony.

However, as with the pre-2012 medical records, this amendment does not change the Court's opinion as to Ms. Smith's credibility or her entitlement to additional benefits. The treatment occurred more than three years before Ms. Smith's December 2017 incident. She testified that she fully recovered after the initial visit and did not suffer from any further problems with her shoulder until she hurt it in 2017. Trustpoint did not provide any evidence to the contrary. Therefore, the Court finds the 2014 episode does not change the likelihood that Ms. Smith will prevail on the issue of causation at trial.

At the hearing, Ms. Smith testified as to the 2014 doctor's visit, but Trustpoint did not attempt to enter any medical records regarding this treatment. However, it has since offered a record and requested it be made part of the record. Ms. Smith's counsel objected to the record being made an exhibit, since it was not offered at the hearing. The Court sustains Ms. Smith's objection and excludes the document from the record.

### Compensation Rate and Temporary Partial Disability Benefits

Before the expedited hearing, the parties agreed to a compensation rate of $417.40. They further stipulated that Trustpoint paid temporary total disability benefits until her authorized physician stated she was at MMI on April 2, 2019. Ms. Smith testified that she has not made any money since except for income received from selling various products online. In the EHO, the Court held that Ms. Smith is not at maximum medical improvement, and is thus entitled to temporary disability benefits from April 2, 2019, until she reaches MMI or is able to return to work. Based on the parties' stipulations as to compensation rate, and Trustpoint's failure to argue for a credit based on Ms. Smith's sales, the Court ordered Trustpoint to pay temporary disability benefits without regard to the online sales.

Trustpoint argued in its motion that the EHO should be amended to calculate Ms. Smith's compensation rate as two-thirds of the difference between her average weekly wage and the wages she is able to earn while temporarily partially disabled under Tennessee Code Annotated section 50-6-207(2). This would include consideration of the income she received from her sales.

Ms. Smith conceded to a reduction in her temporary partial disability benefits by two-thirds of the amount she made through her sales after April 2, 2019. She calculated the difference would mean a credit of $1,547.96 in temporary partial disability benefits from April 2, 2019, until August 18, 2020, the date of the EHO. She further conceded an ongoing credit of $26.97 per week, which reduces her compensation rate to $389.80. Trustpoint did not object to these calculations or provide any contrary figures, and the Court finds them reasonable. Therefore, the EHO is amended to reflect that Trustpoint shall pay Ms. Smith temporary partial disability benefits as calculated above.

3

Trustpoint further argued that Ms. Smith could have earned more than she did with her sales, but instead she chose to only work approximately five hours per week at the job. Thus, it argued that the income she could have earned in her partially disabled state should be calculated at least to forty hours per week at minimum wage. The Court holds this argument is without merit, as Trustpoint offered no proof that Ms. Smith could have made more money selling products online if she had chosen to do so.

## Reconsideration of Causation and Need for Surgery

Trustpoint's remaining issues concerned the interpretation of the testimony and the weight that should be accorded to opinions regarding causation and the reasonableness and need for additional surgery. The Court already addressed those issues in the EHO and sees no reason to change its holdings regarding them. Trustpoint shall comply with the Court's order in the EHO except for the recalculation of temporary partial disability benefits as outlined above.

**IT IS ORDERED.**

**ENTERED on October 1, 2020.**

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on October 1, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| R. Steven Waldron | | | X | arlenesmith@wfptnlaw.com |
| Marcia McShane | | | X | mmcshane@constangy.com |
| Ron McNutt | | | X | Ronald.mcnutt@tn.gov |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*